UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ODESSA SILLS,

                Plaintiff,

v.

FIRST STUDENT INC.,

                Defendant.

Case No. 25-CV-785-JPS

**ORDER**

**1.    INTRODUCTION**

In May 2025, Plaintiff Odessa Sills ("Plaintiff") sued Defendant First Student Inc. ("Defendant"), alleging that Defendant violated her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, by, inter alia, retaliating against her. ECF No. 1. Plaintiff also moved for leave to proceed in forma pauperis. ECF No. 2. In September 2025, the Court screened Plaintiff's original complaint and, finding that it contained significant pleading deficiencies, ordered Plaintiff to file a complaint correcting those deficiencies. It deferred ruling on her motion for leave to proceed in forma pauperis. In October 2025, Plaintiff filed an amended complaint. ECF No. 7. This Order addresses Plaintiff's motion to proceed in forma pauperis, ECF No. 2.

**2.    MOTION TO PROCEED IN FORMA PAUPERIS**

A party proceeding pro se may submit to the court a request to proceed without prepaying the otherwise required filing fees, otherwise

known as a motion to proceed in forma pauperis.[1] "The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Nietzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

It follows that a litigant whose complaint does not meet the criteria in 28 U.S.C. § 1915(e)(2) or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily

---

[1] Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997) (superseded by rule on other, inapplicable grounds); *see also Mitchell v. Farcass,* 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring).

cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc*. 461, F.2d 649, 651 (7th Cir. 1972), a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

The Court finds that Plaintiff is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a).[2] She represents under oath that she is employed, with a monthly income ranging from $3,200 to $3,400. ECF No. 2 at 2. Her monthly expenses total $2,070. *Id.* at 3. Even taking as true her representation that her three adult grandchildren, eleven grandchildren, and two great grandchildren "all need [her] help," Plaintiff has, at a minimum, $1,130 per month from which she could help her family members *and* pay the one-time $405 filing fee.

Based on the totality of Plaintiff's representations, the Court is not convinced that Plaintiff is indigent. The Court will therefore deny Plaintiff's motion to proceed in forma pauperis, ECF No. 2. Plaintiff must pay the full filing fee on or before **March 5, 2026**. Upon payment of the filing fee, the Court will screen the operative complaint in accordance with 28 U.S.C.

---

[2]Because, if a plaintiff is not indigent, they must pay the filing fee for the case to proceed, the Court ought to address an in forma pauperis motion as early as practicable. *Coleman v. Lab. & Indus. Rev. Comm'n of Wisconsin*, 860 F.3d 461, 466 (7th Cir. 2017) ("[A] conclusion that the plaintiff is not indigent does not foreclose further legal proceedings—it just means that the plaintiff must pony up the required filing fee." (citing 28 U.S.C. § 636(b)(1))).

§ 1915. If the Court does not receive the filing fee by **March 5, 2026**, the Court will dismiss the case without prejudice.

3.  **CONCLUSION**

For the reasons set forth above, the Court denies Plaintiff's motion to proceed in forma pauperis, ECF No. 2.

Accordingly,

**IT IS ORDERED** that Plaintiff Odessa Sills' motion to proceed in forma pauperis, ECF No. 2, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 3rd day of February, 2026.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge